NO. 07-01-0354-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 5, 2002

_____

REYNALDO ROSAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-433,545; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

**ABATEMENT AND REMAND**

Pursuant to a plea of guilty, appellant Reynaldo Rosas was convicted of injury to a disabled person and punishment was assessed at eight years confinement. Appellant timely filed a notice of appeal on August 17, 2001. After numerous extensions of time were granted in which to file the clerk's record and the reporter's record due to nonpayment of

fees, by letter dated January 17, 2002, this Court directed appellant's retained counsel, Mr. David Martinez, to explain within ten days why neither payment nor arrangement to pay for the records had been made. Mr. Martinez did not respond and both the clerk's record and reporter's record remain outstanding. Therefore we now abate the appeal and remand the cause to the trial court for further proceedings. *See* Tex. R. App. P. 37.3.

Upon remand the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute this appeal; and if so,

2. whether appellant's retained counsel continues to represent him and what steps need to be taken to ensure a diligent pursuit of this appeal;

3. whether appellant has been deprived of an appellate record because of ineffective assistance of counsel or for any other reason; and

4. whether appellant is indigent and entitled to appointed counsel.

The trial court shall cause the hearing to be transcribed. Should it be determined that appellant does want to continue this appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which may include the appointment of new counsel. If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a

supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental records with the Clerk of this Court by Friday, March 22, 2002.

It is so ordered.

Per Curiam

Do not publish.